**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| SUZANNE BERGER, | ) | |
| | ) | Civil Action No. 22-cv-00064-LKG |
| Plaintiff, | ) | |
| | ) | Dated: June 13, 2022 |
| v. | ) | |
| | ) | |
| BALTIMORE COUNTY, MARYLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

In this employment discrimination case, plaintiff, Suzanne Berger, asserts sex discrimination, age discrimination and hostile work environment claims against defendant, Baltimore County, Maryland (the "County"), related to the termination of her employment with the County's Office of Law, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-606. *See generally* Compl., ECF No. 2.  The County has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6) and this motion is fully briefed.  *See* Def. Mot., ECF No. 12; Def. Mem., ECF No. 12-1; Pl. Resp., ECF No. 13; Def. Reply, ECF No. 16.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **GRANTS** the County's motion to dismiss and **DISMISSES** the complaint.  Fed. R. Civ. P. 12(b)(6).

**II.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

**A.     Factual Background**

Plaintiff, Suzanne Berger, is a former Assistant County Attorney with the Baltimore

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."), the County's motion to dismiss ("Def. Mot.") and the memorandum in support thereof. ("Def. Mem.").

County Office of Law (the "OOL"). Compl. at ¶ 5. In May 2020, the County restructured the OOL, resulting in the elimination of plaintiff's position. *Id.* at ¶ 21. In the complaint, plaintiff asserts claims against the County for age and sex discrimination under Title VII (Count I); age discrimination under the ADEA (Count II); and a state law cause of action under the Maryland Fair Employment Practices Act ("MFEPA") (Count III).[2] *See id.* at ¶¶ 25-47.

As background, plaintiff was employed as an Assistant County Attorney with the OOL from approximately 1997 until May 2020, when the County restructured the OOL and eliminated her position. *See id.* at ¶¶ 5, 21. Plaintiff alleges that the County eliminated her position "because she was a female in her 60s" and that the County's restructuring of the OOL "was a pretext for terminating her employment on the basis of her age and gender." *Id.* at ¶¶ 21, 31.

Plaintiff also alleges that, prior to the elimination of her position with the OOL, she was "subjected . . . to aggressive, hostile and sexist comments and behavior." *Id.* at ¶ 17. In this regard, plaintiff alleges that an unidentified male colleague called her "cold." *Id.*

In addition, plaintiff alleges that, in 2019 and 2020, she was discriminated against by the County in connection with her handling of a case involving the County (the "Tirabassi appeal"). *See id.* at ¶¶ 9-20. Specifically, plaintiff alleges that her recommendations on how best to handle the Tirabassi appeal and her requests for a pre-hearing meeting "were ignored." *See id.* at ¶ 14. Plaintiff contends that this would not have happened if she were "either younger or male or had [she] not challenged the male supervisory structure in the OOL and the inappropriate actions taken by the Administration in the Tirabassi appeal." *Id.* at ¶¶ 13-14.

Plaintiff further alleges that she was subjected to the following harassment during this time period: (1) the OOL assigned a male lawyer as her co-counsel in the Tirabassi appeal, because she was perceived as "unlikely to 'go along' with" the County's litigation positions; (2) her assigned co-counsel "bullied" her to take a position in Tirabassi appeal that she believed "was not in the best interest of their client;" (3) she was "ghosted" by the County Attorney and excluded from case strategy meetings involving the County Attorney "and other males in the OOL after she provided them with memoranda explaining why" the County's position in the

---

[2] Plaintiff filed a charge of discrimination with EEOC and subsequently received a right to sue letter on September 27, 2021. Compl. at ¶ 28.

2

Tirabassi appeal were, in her view, "improper, inadvisable, and/or not in accordance with applicable law;" and (4) "someone in the OOL signed her name to [a] motion without her knowledge or consent." *Id.* at ¶¶ 18, 22-24, 31.

Lastly, plaintiff alleges that, after the restructuring of the OOL and the elimination of her position, the County advertised open positions within the OOL including in departments in which she had previously worked. *Id.* at ¶ 22. Plaintiff further alleges that she was "highly qualified" for, and applied to, these positions, but that the County chose to hire less qualified male applicants instead. *Id.* at ¶¶ 22-24.

As relief, plaintiff seeks to recover monetary damages from the County, including back pay, front pay and compensatory damages. *See id.* at ¶¶ 40, 45, 47.

### B. Procedural Background

On December 27, 2021, plaintiff initiated this action in the Circuit Court of Baltimore County. *See* Compl.; *see also* Notice of Removal, ECF No. 1. On January 10, 2022, the County removed this matter to this Court. *See* Notice of Removal.

On February 22, 2022, the County filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. Def. Mot.; Def. Mem. On March 16, 2022, plaintiff filed a response in opposition to the County's motion. Pl. Resp. On March 30, 2022, the County filed a reply in support of its motion. Def. Reply.

The County's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court

accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### B.    Title VII And Hostile Work Environment Claims

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. *See* 42 U.S.C. § 2000e.[3] There are two methods for proving intentional sex discrimination in employment under Title VII: (1) through direct or indirect evidence of intentional discrimination, or (2) through circumstantial evidence under the three-step, burden-shifting scheme set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 606-07 (4th Cir. 1999). For the first method, an employee may utilize "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue." *Id.* (quoting *Tuck v. Henkel Corp*., 973 F.2d 371, 374 (4th Cir. 1992)). Under this method, "the plaintiff 'must produce direct evidence of a stated purpose to discriminate and/or [indirect] evidence of sufficient probative force to reflect a genuine issue of material fact.'" *Id.* (quoting *Goldberg v. B. Green & Co., Inc*., 836 F.2d 845, 848 (4th Cir. 1988) (brackets existing)).

---

[3] Plaintiff also alleges discrimination claims under the MFEPA. Compl. at ¶¶ 46-47. The MFEPA "is the state law analogue to Title VII." *Alexander v. Marriott Int'l, Inc*., No. 09-2402, 2011 WL 1231029, at *6 (D. Md. Mar. 29, 2011). When a plaintiff has not asserted a distinction between a federal and Maryland discrimination claim, the Court may apply the same standards to the analysis of the state and federal discrimination claims. *See Foster v. Summer Vill. Cmty. Assoc., Inc.*, 520 F. Supp. 3d 734, 741 (D. Md. 2021); *see also Blakes v. City of Hyattsville*, 909 F. Supp. 2d 431, 444 (D. Md. 2012).

If direct or indirect evidence of intentional discrimination is lacking, a plaintiff may proceed under *McDonnell Douglas*. *See Tuck*, 973 F.2d at 374-75. Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802. A plaintiff may establish a prima facie case of disparate treatment on the basis of sex under Title VII by showing: (1) the plaintiff's membership in a protected class; (2) an adverse employment action; (3) satisfactory job performance; and (4) that similarly-situated employees outside the protected class received more favorable treatment. *See White v. BFI Waste Servs.*, LLC, 375 F.3d 288, 295 (4th Cir. 2004). The failure to demonstrate one of these required elements is fatal to a plaintiff's ability to establish a prima facie case. *See Hemphill v. Aramark Corp.*, No. 12-1584, 2014 WL 1248296, at *19 (D. Md. Mar. 25, 2014), *aff'd*, 582 F. App'x 151 (4th Cir. 2014).

If a plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to present a legitimate, nondiscriminatory reason for the adverse employment action alleged. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (citing *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). If the defendant succeeds in doing so, that showing will rebut the presumption of discrimination raised by the plaintiff's prima facie case. *See Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 429 (4th Cir. 2000) (citing *Burdine*, 450 U.S. at 255 n.10). The plaintiff then must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253 (citing *McDonnell Douglas Corp.*, 411 U.S. at 804). And so, "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 253).

Plaintiff also asserts hostile work environment claims in this case. *See* Compl. at ¶¶ 31-36. To establish a hostile work environment claim based upon sex, plaintiff must allege workplace harassment that: "(1) was 'unwelcome'; (2) was based on [her] sex; (3) was 'sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere'; and (4) was, on some basis, imputable to the employer.'" *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 302 (4th Cir. 2019) (quoting *Bass v. E.I DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). Plaintiff must also present a particularized

5

basis for alleging that discriminatory conduct was because of membership in a protected class. *Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 310 (D. Md. 2015).

### C. The Age Discrimination In Employment Act

Lastly, the ADEA prohibits an employer from discharging any individual, or otherwise discriminating against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, plaintiff must prove that she: (1) was protected by the ADEA; (2) suffered an adverse employment action; (3) was performing her job at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) was replaced by a substantially younger worker. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). Similar to claims brought under Title VII, a plaintiff may proceed under the *McDonnell Douglas* framework to establish a prima facie case of age discrimination under the ADEA. *See Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (en banc).

### IV. LEGAL ANALYSIS

The County requests that the Court dismiss this case, because plaintiff fails to allege plausible Title VII, ADEA and MFEPA claims in the complaint. *See generally* Def. Mem. In this regard, the County argues that plaintiff fails to state plausible hostile work environment claims under Title VII and the ADEA, because she has not alleged facts to show that the discriminatory conduct alleged in the complaint occurred because of her sex and/or age, or that this conduct was sufficiently severe and pervasive to alter the conditions of her employment. *See id.* at 5-8, 12-13. The County also argues that plaintiff fails to state plausible discrimination claims based upon the termination of her employment under Title VII and the ADEA, because she does not allege facts to show that: (1) the County eliminated her position because of sex-based discriminatory animus or her age; (2) she was meeting the County's legitimate expectations at the time of her termination; or (3) she was replaced by someone younger. *See id.* at 10-11, 13-14. For these same reasons, the County argues that plaintiff's MFEPA claims are also not plausible. *See id.* at 14. And so, the County requests that the Court dismiss these claims. *Id.* at 14-15.

6

In her response in opposition to the County's motion, plaintiff counters that she has asserted plausible discrimination claims under Title VII, the ADEA and MFEPA, because she addresses all elements of these claims in the complaint. *See* Pl. Resp. at 2-5, 10. And so, plaintiff requests that the Court deny the County's motion to dismiss. *Id.* at 11.

For the reasons that follow, a careful reading of the complaint shows that plaintiff fails to allege sufficient facts in the complaint to show that the alleged discriminatory conduct in this matter was severe and pervasive, or based upon her sex and/or age, to establish a hostile work environment claim under either Title VII, the ADEA or MFEPA. Plaintiff similarly fails to allege sufficient facts in the complaint to show: (1) a satisfactory job performance; (2) that the County's decision to terminate her position was motivated by sex-based discriminatory animus; (3) the County eliminated her position because of her age; or (4) that she was replaced by someone younger, to support her termination claims under Title VII, the ADEA and MFEPA. And so, the Court: (1) **GRANTS** the County's motion to dismiss and (2) **DISMISSES** the complaint.

### A.  Plaintiff Fails To State Plausible Title VII Claims

As an initial matter, a careful reading of the complaint shows that plaintiff fails to state plausible discrimination claims under Title VII, based upon either a hostile work environment or the termination of her employment. To establish a hostile work environment claim under Title VII, plaintiff must allege facts to show that the County's alleged harassment was: (1) unwelcome; (2) based on her sex; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183 (4th Cir. 2001). The allegations in the complaint fail to satisfy the elements of a hostile work environment claim for two reasons.

First, plaintiff does not allege sufficient facts in the complaint to show that the County's alleged discriminatory conduct was sufficiently severe or pervasive to alter the conditions of her employment. Rather, the complaint contains only a single allegation in which plaintiff alleges that an unidentified male colleague called her "cold." *See* Compl. at ¶ 17. This Court has previously recognized that such a lone discriminatory remark is not sufficient to establish the "severe or pervasive" element of a hostile work environment claim. *See Lim v. Azar,* 310 F. Supp. 3d 588, 600 (D. Md. 2018) (finding plaintiff's supervisor's lone derogatory comment

towards plaintiff that "I can't work with Korean like you" insufficient to establish a hostile work environment).

Second, plaintiff also fails to allege facts in the complaint to show that the County's alleged discriminatory conduct was based upon her sex. Plaintiff alleges in the complaint that the County discriminated against her by assigning a younger male colleague as her co-counsel in the Tirabassi appeal and excluding her from certain meetings. *See* Compl. at ¶¶ 12, 31. But, the complaint is devoid of any factual allegations to show that these events occurred *because* of plaintiff's sex. And so, accepting these allegations as true, the allegations are not sufficient to state a plausible hostile work environment claim under Title VII.

Plaintiff's employment discrimination claim based upon the termination of her employment is also problematic. To state a plausible discrimination claim under Title VII, plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) her job performance was satisfactory; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). But, the complaint is devoid of any facts to show that plaintiff was meeting the County's legitimate expectations at the time her position was eliminated in May 2020. Rather, plaintiff alleges in the complaint only that she received positive performance reviews throughout her career and that the former County Attorney called her "one of the most knowledgeable workers' compensation attorneys in Maryland" in 2019. *See* Compl. at ¶ 7. Given this, plaintiff's allegations are not sufficient to show that her job performance was satisfactory in May 2020, when her employment with the County ended.

The complaint also does not contain sufficient facts to show that the County eliminated plaintiff's position under circumstances giving rise to an inference of unlawful sex discrimination. In fact, the allegations in the complaint suggest that the termination of plaintiff's employment was due to her disagreements about how the County litigated the Tirabassi appeal, rather than her gender. *See generally* Compl. Given these deficiencies, plaintiff has not alleged plausible discrimination claims under Title VII based upon either a hostile work environment or the termination of her employment. And so, the Court must DISMISS Count I of the complaint.

8

### B. Plaintiff Fails To State Plausible ADEA Claims

For similar reasons, plaintiff fails to state plausible claims under the ADEA, based upon either a hostile work environment or the termination of her employment, in Count II of the complaint.

As discussed above, to state a hostile work environment claim under the ADEA, plaintiff must allege sufficient facts to show that: (1) she experienced unwelcome harassment; (2) the harassment was based on her age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the County. *Baqir v. Principi*, 434 F.3d 733, 745-46 (4th Cir. 2006). But, again, the complaint lacks sufficient facts to satisfy the elements of this claim. The complaint does not contain any factual allegations to show that the County's alleged harassment of plaintiff was based upon her age. *See generally* Compl. Rather, as discussed above, most of the factual allegations in the complaint pertain to plaintiff's disagreements with the County about the litigation strategy for the Tirabassi appeal. *See id.* at ¶ 31 (alleging that plaintiff was "ghosted" by males in the department and was excluded from certain meetings, "after she provided [her colleagues] with memoranda explaining why their proposed actions in the Tirabassi case were improper, inadvisable, and/or not in accordance with applicable law").

The incidents that plaintiff alleges in the complaint to show a hostile work environment also do not indicate that the alleged workplace harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive atmosphere. *See, e.g.*, Compl. at ¶¶ 12 (alleging that plaintiff was assigned a less experienced co-counsel to "assist" her in the Tirabassi mater); 14 (alleging that plaintiff's memorandum regarding the Tirabassi appeal and her requests for meetings were "ignored"); *see also Baqir*, 434 F.3d at 746; *Equal Emp. Opportunity Comm'n v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard."). Given this, the Court agrees with the County that plaintiff has not pled a plausible hostile work environment claim under the ADEA.

Plaintiff's ADEA claim based upon the termination of her employment suffers from the same deficiencies as her Title VII termination claim. To establish a plausible termination claim

under the ADEA, plaintiff must allege facts to show, among other things, that her age was a "but-for" cause of the County's decision to eliminate her position. *See Rivera v. Howard Cty. Pub. Schs.*, 2021 WL 2260376, at *5 (D. Md. June 3, 2021). But, plaintiff does not allege any facts in the complaint to show that her position was terminated *because* of her age. *See generally* Compl. Plaintiff also does not allege that she was replaced by someone younger after her position was terminated, which is also required to state a plausible termination claim under the ADEA. *See* Compl. at ¶¶ 23-24 (alleging that she was replaced by attorneys who were "less qualified" and had "less experience" than herself); *see also Mitchell*, 12 F.3d at 1315 (holding that plaintiff must allege, among other things, facts to show that she was replaced by a substantially younger worker).

Given this, plaintiff has not alleged plausible ADEA claims based upon either a hostile work environment or unlawful termination. And so, the Court must also DISMISS Count II of the complaint.

Because plaintiff fails to state plausible claims under Title VII and the ADEA in the complaint, the Court must also DISMISS plaintiff's MFEPA claims in Count III of the complaint. *See, e.g.*, *Foster*, 520 F. Supp. 3d at 741; *Blakes*, 909 F. Supp. 2d at 444; *Banks v. Bd. of Ed. Of Anne Arundel Cty.*, 2020 WL 707149, at *5 (D. Md. Feb. 12, 2020) (citation omitted).

## V. CONCLUSION

In sum, a careful reading of the complaint makes clear that plaintiff fails to allege plausible Title VII, ADEA and MFEPA claims, based upon either a hostile work environment or the termination of her employment, in the complaint. And so, for the foregoing reasons, the Court:

1. **GRANTS** the County's motion to dismiss; and

2. **DISMISSES** the complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

                                                  s/Lydia Kay Griggsby
                                                  LYDIA KAY GRIGGSBY
                                                  United States District Judge